IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GLOBAL ELECTRICAL SOLUTIONS, INC., and MATTHEW PADON, <br><br> Plaintiffs, <br><br><br> ENERGY AUTOMATION SYSTEMS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) NO. 3:08-00619 <br> JUDGE HAYNES |

**MEMORANDUM**

Plaintiffs, Global Electrical Solutions, Inc. ("GES") and Matthew Padon ("Padon") filed this action under 28 U.S.C. § 1332, the federal diversity jurisdiction statute against the Defendant Energy Automation Systems, Inc. ("EASI"). Plaintiffs assert claims of breach of contract, fraudulent inducement, and unfair and deceptive acts under Tennessee and Texas consumer protection laws. (Docket Entry No. 1 at ¶¶ 4-8, 10-12, 14-15, 17).

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 4 ) and the Plaintiffs' motion to amend (Docket Entry No. 6). In its motion, the Defendant asserts, in sum: (1) Plaintiffs lack standing as Plaintiffs are not parties to the agreement with the Defendant that gives rise to Plaintiffs' claims; (2) Plaintiffs' consumer protection claims are time-barred; (3) Plaintiffs are not consumers of any EASI product or service; and (4) Plaintiffs' fraud and consumer protection claims are not pled with the required particularity.

Plaintiffs' response was to file a motion to amend their complaint and to submit Padon's affidavit that he relied on the Defendant's representations about the dealership agreement.

(Docket Entry Nos. 6 and 7). Plaintiffs submit that the Defendant's motion is a motion for summary judgment requiring discovery.

## A. ANALYSIS OF THE COMPLAINT

According to Plaintiffs' complaint, Padon allegedly entered into an Authorized Dealer Agreement ("Agreement") with EASI on August 13, 2002 to purchase an EASI dealership. (Docket Entry No. 1). EASI engaged in the business of the distribution of equipment that reduces the volume of electricity consumed by electric motors, lighting equipment, air conditioning, refrigeration equipment, and other electrical machinery and equipment. Among other things, EASI sells dealerships to individuals and entities.

This dealership purchase is memorialized with a written agreement in which SKB Energy Solutions, Inc. ("SKB") entered into the contract with EASI, not Padon or GES. (Docket Entry No. 4, Exhibit A thereto). Padon executed this Agreement as SKB's "President." Id. GES's first corporate filing in the State of Texas occurred on August 26, 2002. Id. at Exhibit B. In that filing, Padon changed the name of his previous company, "MJ Padon Management Co." to "Global Electrical Solutions, Inc." Id. In February 2006, the State of Texas revoked GES's charter or certificate of authority. Id. In a word, GES did not exist until two weeks after the parties executed the Agreement.

Defendant notes that Plaintiff filed a virtually identical complaint against EASI on May 17, 2004, in the Circuit Court for Sumner County, Tennessee. See Exhibit D (the "Sumner County action"). Days before EASI's third attempt to depose Plaintiffs, Plaintiffs filed a Notice of Voluntary Dismissal in the Sumner County action on June 19, 2007, which the Court granted on June 22, 2007. Id. Exhibits E and F.

2

## B. CONCLUSIONS OF LAW

Fed. R. Civ. P. 12(b)(6) provides a court with the authority to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. In other words, Rule 12(b)(6) "tests whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1998). To survive dismissal, a "pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citing 5C. Wright & A. Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004)). The pleader must provide more than simply "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 1964-65. A court shall grant a motion to dismiss if the pleader has not demonstrated that its claims are "plausible rather than just speculative or conceivable." McGowan v. Cantrell, No. 1:05-334, 2007 U.S. Dist. LEXIS 64534, at *12 (E.D. Tenn. Aug. 30, 2007) (citing Twombly, 127 S.Ct. at 1974).

First, the Court may consider documents that the complaint incorporates by reference either expressly or informally. See Greenberg v. Life Ins. Co., 177 F.3d 507, 514 (6th Cir. 1999). ("Under certain circumstances, however, a document that is not formally incorporated by reverence or attached to a complaint may still be considered part of the pleadings. This occurs when 'a document to in the complaint and is central to the plaintiff's claim . . .'" (citations omitted)). Throughout Plaintiffs' complaint, Plaintiffs refer to this Agreement. See Docket Entry No. 1, Complaint at ¶¶ 1, 4, 10, 14. The Court considers that Agreement and such consideration does not convert this motion into a summary judgment motion. In addition, given the nature of Plaintiffs' claims, the Court does not consider Padon's affidavit that is a clear

3

attempt to convert the Defendant's motion into a motion for summary judgment. Pursuant to Fed. R. Civ. P. 12(b), the Court's decision not to consider that affidavit means that the Defendant's motion is not converted into a motion for summary judgment.

Moreover, the Court takes judicial notice of the pleadings in the Sumner County action and the public filings from the Texas Secretary of State. See New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003) (finding that a judicial filing in another case was properly considered in a Rule 12(b)(6) analysis because "[a] court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice"); Plassman v. City of Wauseon, No. 95-3736, 1996 U.S. App. LEXIS 14496, at *10 (6th Cir. May 14, 1996) (holding that "any federal court may take judicial notice of the proceedings in other courts of record"); Gordon v. Dadante, No. 1:05-cv-2726, 2008 U.S. Dist. LEXIS 3812, *27 (N.D. Ohio Jan. 7, 2008) ("In addition, the Court takes judicial notice, where appropriate, of the existence of certain public filings and records.").

Under Tennessee law, only a party to a contract can recover damages for breach of that contract. Owner-Operator Indep. Drivers Ass'n v. Concord EFS, Inc., 59 S.W.3d 63, 68 (Tenn. 2001) ("Traditional privity rules provided that those who were not parties to a contract to a contract had no right to sue for its breach."). See also Packaging Consultants, Inc. v. Garvey, No. 89-224-II, 1989 Tenn. App. LEXIS 837, at **12-13 (Tenn. Ct. App. Dec. 20, 1989).

Although Plaintiffs allege that Padon "entered into the Dealership Agreement with [EASI] on or about August 14, 2002 . . ." (Docket Entry No. 1 ¶ 1), these allegations are belied by the unequivocal language in the Agreement in which Padon signed as the president of SKB.

4

Pardon signed the Agreement as "President" of SKB, not individually. (Docket Entry No. 4, Exhibit A thereto at 11). Moreover, SKB entered into the Agreement with EASI. Id. at 1. Because Plaintiffs were not parties to the Agreement, the Court concludes that GES and Padon cannot maintain a claim for any alleged breach of that Agreement nor assert claims arising out of such an alleged breach. Owner-Operator Indep., 59 S.W. 3d at 68.

Moreover, GES did not exist at the time of the Agreement and could not have relied upon representations made before the execution of the Agreement. See Whaley v. Perkins, 197 S.W.3d 665, 671-72 (Tenn. 2006) (holding that a party who was not privy to alleged misrepresentations could not sue for fraud based on those representations). Although Plaintiffs' proposed amended complaint alleges that Padon relied upon the Defendant's representations, Padon was not a party to that agreement. Therefore, the Court concludes that Plaintiffs have failed to state a claim upon which relief can be granted on their contract claims and GES cannot maintain a claim for fraudulent inducement.

Finally, neither GES and Padon is a "consumer" of the Defendant's product as neither purchased an EASI dealership. Thus, Plaintiffs' claims under the Tennessee Consumer Protection Act ("TCPA") , Tenn. Code Ann. § 47-18-101 et seq., and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") Tex. Bus. & Conn. Code Ann. § 17.41 et seq., fail as a matter of law.

These conclusions render Plaintiffs' motion to amend a futility as the proposed amended complaint essentially asserts the same allegations and claims in the original complaint.

For these reasons, the Defendant's motion to dismiss should be granted and the Plaintiffs' motion to amend should be denied.

5

An appropriate Order is filed herewith.

ENTERED this the ___23rd___ day of February, 2009.

_____
WILLIAM J. HAYNES, JR.
United States District Judge